## RICHARDS v. BURKHOLDER.

PATENTS; INTERFERENCE; ABANDONED EXPERIMENT; REASONABLE DOUBT; EVIDENCE; QUESTIONS OF FACT.

1. Total abandonment of experiments, and neglect and loss of the physical things made, together with inaction by the alleged inventor and his assignee for two years, justify the conclusion of abandoned experiment and failure to successfully reduce to practice. (Following *Warner* v. *Smith*, 13 App. D. C. 111.)

2. If there be concealment or suppression of an invention, the field lies open to a more diligent though later inventor, who, when he has not only put the invention into public use, but has also obtained a patent for it, cannot be devested of his right except upon proof, beyond a reasonable doubt, that the earlier inventor has not gone back to an abandoned device, or a device suppressed or concealed, in order to establish a prior right.

3. Testimony of a witness that he did not see things on given occasions is of less value than the testimony of another witness who says that he did see the things on such occasions; but the presence of such negative testimony tends to lessen the degree of conviction produced by the positive testimony.

4. Where the tribunals of the Patent Office all agree in deciding the same way on questions of fact, this court will not reverse the decision of the Commissioner, unless it clearly appears that the decision was against the weight of the evidence. (Following *Orcutt* v. *McDonald*, 27 App. D. C. 228.)

No. 415.   Patent Appeals.   Submitted March 14, 1907.   Decided May 7, 1907.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding.                        *Affirmed.*

The facts are stated in the opinion.

*Mr. A. H. Adams, Mr. C. E. Pickard,* and *Mr. J. L. Jackson* for the appellant.

*Mr. Charles C. Linthicum* and *Messrs. Offield, Towle, & Linthicum* for the appellee.

Mr. Justice McComas delivered the opinion of the Court:

This is an appeal by Marcius C. Richards from the decision of the Assistant Commissioner of Patents awarding priority of invention to John H. Burkholder upon the following issues:

"1. In a device of the class described, the combination, with a hollow track opened in the rear for the reception of supporting-brackets, of supporting-brackets having spring-heads adapted to fit the inner contour of said hollow track, substantially as described.

"2. In a device of the class described, the combination, with a hollow track opened in the rear for the reception of supporting-bracket, of a supporting-bracket made of a single piece of metal and having a spring-head adapted to fit the inner contour of said hollow track, substantially as described.

"3. The combination, with a hollow track having a longitudinal opening in one side, of a supporting-bracket having portions doubled to form a head sprung into said hollow track and arms extending transversely through said opening in said track, substantially as described.

"4. A supporting-bracket for a hollow slotted track, comprising spring-arms having attaching ends, and a connection between their opposite ends, adapted to allow normal expansion of said arms, and forming a head to fit with the track, substantially as described."

The subject-matter of the issue is a supporting-bracket and track for door hangers, the bracket being composed of a strip of plain metal, doubled to form a circular head, with arms extending transversely therefrom, and provided with attaching

ends to be secured to a building, and the head being adapted to fit the inner surface of a pipe or tube, slotted in the rear, and affording a track for the wheel of the door hanger.

A month after Burkholder had secured a patent on the invention, and a year after Burkholder had filed his application, Richards appeared and filed his application, and alleged in his preliminary statement disclosure and reduction to practice July 10, 1902, which date would anticipate Burkholder, who claims conception of the invention in January, 1903, his patent having been granted October 4, 1904.

The three tribunals of the Patent Office concurred in awarding priority to Burkholder, all of them agreeing that the testimony on behalf of Richards fails to prove, beyond a reasonable doubt, that Richards conceived the invention and reduced it to practice prior to Burkholder's reduction to practice in 1903; and all of them base the decision upon the same ground, namely, that Richards failed to sustain the burden of proof resting upon him as to the fact of reduction to practice. We concur in the reasoning and in the conclusion of the three tribunals. Therefore we need not consider whether or not, as a matter of law, a bracket which Richards claims to have made in 1902 was a reduction to practice, since it has not been proven, beyond a reasonable doubt, that such a bracket was made in that year.

As the Examiners-in-Chief well say: "Even if it be assumed that Richards conceived the invention in 1902, and then made some experiments, his total abandonment of those experiments, and neglect and loss of the physical things then made, together with the inaction of himself and assignee for two years, justify us in concluding that he abandoned his efforts as unsatisfactory, and that he did not in fact make a successful reduction to practice. *Warner* v. *Smith,* 84 Off. Gaz. 311." *Warner* v. *Smith,* 13 App. D. C. 111. All the testimony tends to show that the device claimed to have been set up in the workroom of Richards, and the device claimed to have been placed on the door of a shed, were so placed in each instance for the purpose of testing the two devices on which the appellant relied to prove a reduction to practice.

If we assume that Richards satisfactorily proved the making of the bracket in question in July, 1902, we should not overrule the decision appealed from, for Richards was not prevented by any compelling circumstance from giving his invention to the public by placing it on the market, or filing an application for a patent. If there be concealment or suppression of the invention, the field lies open to be occupied by a more diligent though later inventor, who, when he has not only put the invention into public use, but has also obtained a patent for it, cannot be devested of his right to hold the field except upon proof, beyond a reasonable doubt, that the earlier and more negligent inventor has not gone back to an abandoned device, or a device suppressed or concealed, in order to establish a prior right. We refrain from reviewing the voluminous testimony sufficiently reviewed in the three tribunals below, but we also are impressed that the inactivity of Richards for two years, during which period Burkholder entered the field, and, ignorant of the claim of Richards, independently produced the invention, put it upon the market, applied for and obtained the patent, is fatal to the former claim.

Richards was in the employment of the Wilcox Manufacturing Company of Aurora, Illinois, and claims to have produced this invention for that company. Although Richards claims he completed and tested his invention in the summer of 1902, and explained it to the officers of that company, no steps were taken to ascertain whether it was patentable until the summer of 1903; nor was any attempt made to put it on the market until the summer of 1904, and the application was not filed until November 10, 1904, after the patent had issued to Burkholder, and after the Burkholder bracket had been advertised and a company had proceeded to take orders and ship it in quantities.

Burkholder's record date is October 21, 1903. Richards' record date is November 10, 1904. Apart from this priority of the appellee, the testimony of many witnesses, and documentary evidence as well, show that Burkholder conceived the invention, disclosed it to others, promptly placed it on the market, and seasonably applied for the patent granted him.

It is true, a number of witnesses support Richards' claim that he conceived the invention about July, 1902, and testify their knowledge of one or the other of the two devices of Richards, and that his invention was made while he was in the room in the northwest corner of the second floor of the building of the Wilcox Manufacturing Company; but on behalf of Burkholder there is much testimony tending to show that Richards was moved from that room as early as April, 1902, and that he could not have made the invention in it after the 1st of July in that year, as he claims. Credible witnesses testify that they saw the model made by Richards located in that room, while others, with opportunity to see it, say it was not there. Again, credible witnesses testify that they saw the device applied to the shed described by witnesses, while other witnesses, with ample opportunity to observe, testify that it was not there. Of course, in each instance this negative testimony is far less weighty than the positive testimony of witnesses in behalf of Richards, who claim to have seen the different devices in the two different places. It tends, however, to lessen the degree of conviction produced by Richards' whole case.

We have carefully examined the testimony, and upon the issue of fact, which is the only issue in this interference, we agree with all of the tribunals below that Richards has failed to prove his case beyond a reasonable doubt. As we have said in *Orcutt* v. *McDonald,* 27 App. D. C. 228, and in many other cases, where the tribunals of the Patent Office all agree in deciding the same way on questions of fact, this court will not reverse such a decision, unless it clearly appears that the decision was against the weight of the evidence. In this case, where we fully agree with them, and where the only question raised upon this appeal which needs to be considered is the issue of fact, we refrain from reviewing the facts, and content ourselves with concurring in the conclusion of the Commissioner of Patents, whose judgment therefore must be affirmed.

The decision of the Commissioner of Patents must be affirmed, and the clerk of this court is directed to certify the proceedings in this court to the Commissioner of Patents according to law.                                                    *Affirmed.*