**MILLER v. SAMMARCO (four cases).**

**SHROCK v. SAMMARCO.**

**Civil Actions Nos. 25920–25923, 25860.**

United States District Court
N. D. Ohio, E. D.
April 28, 1949.

In Nos. 25920–25923:

Nathan Sieman, Sieman, Sieman & Sieman, Warren, Ohio, for plaintiffs.

Sumner Canary, Cleveland, Ohio, for defendant.

In No. 25860:

Jos. E. Pilmer, Ashtabula, Ohio, and Eugene Bleiweiss, of Payer, Bleiwess, Crow & Mollison, Cleveland, Ohio, for plaintiff.

Sumner Canary, Cleveland, Ohio, for defendant.

JONES, Chief Judge.

These actions arise out of a collision of automobiles, one of which was being operated by defendant Sammarco, the other being operated by plaintiff Schrock (No. 25923). The plaintiffs in the other actions were passengers in Schrock's car at the time of the accident.

Sammarco, defendant in each case, has filed a motion under Rule 42(a), Federal Rules of Civil Procedure, 28 U.S.C.A., for a joint trial of these cases on the ground that "the questions of law and fact with respect to liability are common to all cases." Rule 42(a) provides as follows:

"(a) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

Defendant urges that a joint trial of these cases will save time and expense of both the court and the litigants. Defendant is a resident of Buffalo but is presently residing in California.

Plaintiffs oppose the motions on the grounds that different questions of negligence will be presented in the cases involving passengers than in the case wherein the plaintiff was the operator; that the plaintiffs in four cases are represented by one law firm, while the plaintiff in the fifth action is represented by another firm; that different doctors and experts will testify in each case and that because of the aforementioned differences there would be confusion and difficulty arising in a joint trial.

■ Rule 42(a) makes it discretionary whether the court will order a consolidation of trials.

■ I believe there is no question but that there are issues of law and fact common to all these cases. The question of the negligence of the defendant as to the driver and passengers of the other car would be the same in each case, although the plaintiff-driver might not be able to recover if he were found to have been contributorily negligent.

The question of the amount of damages, if any, would be different in each case; however, it would seem that the jury would respond to instructions from the court concerning the separation of verdicts.

"When there is no apparent danger of prejudice resulting from a single trial, delay should not be fostered by permitting separate trials." Cyc. of Fed.Proced., Vol. 7 p. 445.

No plaintiff has alleged, much less shown, that he would be prejudiced by a consolidation of the trials of these cases. These are the type of cases that Rule 42 (a) is directed to, in the interest of saving time and expense of trial.

Defendant's motions will be granted, with the court reserving the right, if necessary, to present certain issues to the jury separately.