## SANTUCCI v. PIGNATELLO.

### No. 10585.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 11, 1951.

Decided Feb. 13, 1951.

Mr. Joseph H. Schneider, Washington, D. C., with whom Mr. Ben Lindas, Washington, D. C., was on the brief, for appellant.

Mr. DeWitt S. Hyde, Washington, D. C., with whom Mr. Arthur J. Hilland, Washington, D. C., was on the brief, for appellee.

Before WILBUR K. MILLER, BAZELON, and FAHY, Circuit Judges.

FAHY, Circuit Judge.

Pauline Santucci, the appellant, and John Pignatello, the appellee, are sister and brother, the children and only heirs of Pasquale Anthony Pignatello, deceased. During his life, on or about October 23, 1946, the father executed what purported to be a deed transferring certain real estate to Pauline. Approximately nine months later he executed a will devising all of his real property to Pauline. After an illness which covered the period surrounding the executions of the deed and will, he died in August, 1948. Thereafter, John sued to have the deed adjudged null and void and in a separate action filed a caveat to the will. The District Court after trial set aside the deed on the bases of the mental incapacity of the father and duress and undue influence exercised upon him by Pauline. This appeal followed.

Appellant urges principally three points as grounds for reversal: (1) the insufficiency of the evidence to establish mental incapacity or duress; (2) the consolidation of the deed action with that respecting the validity of the father's will; and (3) the admission in evidence of certain statements of the father contended to have been received in violation of the provisions of § 14–302, D.C.Code (1940, Supp. VII).[1]

■■■ (1) There is abundant evidence to support the findings of fact of the trial judge that the father was not of sound mind and memory and was not capable of making a valid deed at the time of the execution of the instrument in question, and also that its execution and delivery by him were obtained as a result of duress and undue influence exercised upon him by the appellant. These findings, not being clearly erroneous, should not be disturbed by this court. Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A.; Dyker Building Company v. United States, 1950, 86 U.S. App.D.C. 297, 182 F.2d 85, 87.

(2) The trial over the validity of the deed was in the District Court sitting in a civil division. The contest over the validity of the father's will, with which it was consolidated, was pending in the District Court holding a special term designated the probate court.[2] In each the parties were the same. Since only the setting aside of the deed is before us on this appeal, we are not concerned with the propriety of the consolidation as it might affect the validity of the judgment rendered in the probate proceeding respecting the will. To the deed action the Federal Rules of Civil Procedure clearly apply.[3] These provide that such an action may be jointly heard, tried, or consolidated with another pending before the court if the two share a common question of law or fact.[4]

■■■ Common questions of law and fact do appear in the two actions here consolidated. The standing of the appellee to challenge the validity of the deed depended upon whether he would take the property, or an interest in it, upon the granting of relief. Thomas v. Doyle, 1950, 88 U.S.App. D.C. ——, 187 F.2d 207. This was controlled in part, at least, by the question being litigated in the probate proceeding concerning the validity of the father's will of July 30, 1947, by which the appellant would take the property even though the father's deed were invalid. In addition, the two actions shared common factual questions concerning the condition and conduct of the decedent which relate in varying degrees to the separate issues of his mental capacity at the two periods of execution involved in the two proceedings. See Hotel George V v. McLean, D.C.D.C.1940, 1 F.R.D. 241; United States v. Knauer, 7 Cir., 1945,

1. Act of June 24, 1948, c. 609, 62 Stat. 579.

2. § 11–501, D.C.Code (1940).

3. Rule 1, Federal Rules of Civil Procedure.

4. Rule 42(a), Federal Rules of Civil Procedure: "(a) **Consolidation.** When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

149 F.2d 519, affirmed 328 U.S. 654, 66 S.Ct. 1304, 90 L.Ed. 1500, rehearing denied 329 U.S. 818, 67 S.Ct. 25, 91 L.Ed. 697, petition denied 332 U.S. 834, 68 S.Ct. 210, 92 L.Ed. 407. The actions were therefore proper ones for consolidation unless the fact that they were pending before different divisions of the District Court constituted a bar. Reference to the language of Rule 42(a), however, is determinative in this regard so far as the civil action here involved is concerned. The Rule provides only that the actions must be "pending before the court." So stated, both actions clearly meet the requirement; they were pending before the District Court as a court invested with jurisdiction over both probate and equitable proceedings.[5]

Under these circumstances the actions fulfilled all the necessary conditions, and the question of consolidation was therefore a matter within the sound discretion of the District Court. Miller v. Sammarco, D.C.N.D. Ohio 1949, 9 F.R.D. 215. The exercise of this discretion will not be disturbed on appeal except for abuse. Skirvin v. Mesta, 10 Cir., 1944, 141 F.2d 668, 673. No showing of abuse has been made here; we are pointed to no incident or evidence which indicates that the trial judge himself, who decided the deed case, was confused or prejudiced by hearing the evidence of the two causes as a whole. Accordingly, the objection of appellant on this ground is without merit.

(3) The claim that the judgment should be set aside because certain statements attributed to the decedent and testified to by the appellee, the son, were admitted in evidence in violation of § 14–302, D.C.Code (1940, Supp. VII), is also not well founded. Assuming the applicability of this section, the statements referred to, which bear on undue influence and mental capacity, find ample support in other evidence. For this reason the findings and judgment of the court are not founded upon the uncorroborated testimony of the plaintiff or his agent, servant, or employee, as to any action, declaration or admission of the deceased person. The judgment accordingly is not rendered invalid by the statute relied upon. Rosinski v. Whiteford, 1950, 87 U.S.App.D.C. 313, 184 F.2d 700.

Affirmed.

---

5. See Sanders v. Sanders, 52 Ariz. 156, 79 P.2d 523; Porter v. Wheeler, 131 Wash. 482, 230 P. 640.