**REMINGTON RAND INC. v. SOCIETE IN-
TERNATIONALE POUR PARTICIPA-
TIONS INDUSTRIELLES ET COMMER-
CIALES S. A. etc. et al.**

No. 10739.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 15, 1951.

Decided March 29, 1951.

See, also, 11 F.R.D. 294; 180 F.2d 406.

William P. MacCracken, Jr., and Urban A. Lavery, Washington, D. C., with whom Homer Cummings, J. Edward Burroughs, Jr., and Frank C. Sterck, all of Washington, D. C., were on the brief, for appellant. George C. Pendleton, Washington, D. C., also entered an appearance for appellant.

John J. Wilson, Washington, D. C., with whom Donald Hiss, Washington, D.C., was on the brief, for appellee Societe Internationale Pour Participations Industrielles et Commerciales S. A. Etc. Jo V. Morgan, Jr., Washington, D. C., also entered an appearance for that appellee.

Ralph S. Spritzer, Atty., Department of Justice, of the Bar of the Court of Appeals of New York, Washington, D. C., *pro hac vice,* by special leave of Court, with whom Asst. Atty. Gen. Harold I. Baynton and George B. Searls, Atty., Department of Justice, Washington, D. C., were on the brief, for appellees J. Howard McGrath, Atty. General of the United States, and Georgia Neese Clark, Treasurer of the United States.

Before EDGERTON, PROCTOR and FAHY, Circuit Judges.

PROCTOR, Circuit Judge.

This appeal is from a final judgment of the District Court dismissing an amended intervening complaint of Remington Rand Inc. (appellant) after trial on the merits. Entry of the judgment was directed upon an express determination by the court that there was no just reason for delay. Fed. R.Civ.P. 54(b), 28 U.S.C.A. The main action, yet untried, awaits the outcome of this appeal.

Societe Internationale Pour Participations Industrielles Et Commerciales S. A. (appellee), a Swiss corporation, (referred to as Interhandel), sued the Attorney General and the Treasurer of the United States under Section 9(a) of Trading With the Enemy Act as amended, 50 U.S.C.A.Appendix, § 9(a), for return of 455,624 shares of Common A stock, 2,050,000 shares of Common B stock of General Aniline & Film Corporation, some $2,000,000 cash, and other securities. These assets of Interhandel were seized in 1942 and 1943 by the Alien Property Custodian pursuant to vesting orders made under authority of said Act. They are now held by the Attorney General as successor to the Custodian.

Remington Rand's intervention rested upon an asserted contingent right to the General Aniline stock. The claim grows out of negotiations at Basle, Switzerland, which Remington Rand alleges resulted in a "binding agreement" [1] by Interhandel to sell said stock to Remington Rand or one of its "group" for $25,000,000 "if and when" Interhandel recovered the stock and other property under seizure in the United States, and all discrimination against Interhandel, its directors, principal and associated companies was removed. Alleging that it was ready and willing to make the purchase upon delivery of the General Aniline stock, Remington Rand charged that Interhandel refused to recognize the obligation and had declared an intention to dispose of the stock in disregard thereof. Accordingly, Remington Rand prayed for a judgment declaring it to be entitled to the stock when the conditions were fulfilled and that Interhandel be restrained and enjoined from disposing of the same.

Among several defenses, Interhandel denied existence of a legally binding contract to sell the General Aniline stock. It insisted that there had been only a "gentlemen's agreement," not legally binding under Swiss law.[2] The agreement, Interhandel asserted, was in the form of an oral "declaration" to Remington Rand, made June 6, 1946, at Basle, Switzerland, that if within a specified time [3] Remington Rand made a licensed offer to purchase the stock for $25,000,000 the same would be accepted, provided, as conditions precedent, that said stock and all other vested assets of Interhandel in the United States had been returned, the discriminations removed, and the $25,000,000 paid at Basle. Admittedly, none of these conditions were fulfilled. However, on May 5, 1947, while the declaration still stood, American Aniline and Chemical Co., Inc., a Remington Rand subsidiary, purporting to act as one of the "group" and as "assignee" of Remington Rand, submitted an offer to Interhandel to purchase the General Aniline stock at the "agreed" price. Later, American Aniline reassigned to Remington Rand, who stands upon such action as constituting a legally effective offer within the scope of Interhandel's declaration. Remington Rand insists that the offer as made was all that was required until return of the vested assets. Interhandel contends that fulfillment of the conditions was a prerequisite to submission of a competent offer.

Two fundamental questions were raised. Did the Interhandel declaration constitute a legally binding obligation? Alternatively, was the making of an offer by Remington Rand subject to conditions precedent? These vital issues were resolved in favor of Interhandel.

Formal findings and conclusions of the trial court are lengthy and involved. With respect to the foregoing issues, we interpret the findings to be, in effect, that Interhandel's declaration was a "gentlemen's agreement," not intended to be legally binding or enforceable; that under Swiss law it was not binding, and no enforceable rights resulted from the offer to buy. Accordingly, the court concluded that as the

1. Also variously referred to in the record and briefs as a declaration, offer, and option, and hereafter referred to by us as a declaration.

2. On this question expert testimony was adduced as to the law of Switzerland.

3. After several extensions, Interhandel allowed the time to run indefinitely subject to cancellation of the declaration upon fifteen days notice. Such a notice was given by Interhandel April 22, 1947, effective May 7, 1947.

declaration was unenforceable in Switzerland, where made, it would not be enforced here. The court also found, alternatively, that return of the General Aniline stock and other vested assets, and removal of discriminations within the time allowed for Remington Rand's offer to buy, were conditions precedent to an effective offer, and that those conditions were not fulfilled.

 Remington Rand attacks the findings upon those crucial issues as clearly erroneous. We are asked to set them aside, and, in effect, to substitute opposing conclusions in support of a judgment favorable to Remington Rand. The evidence was of a varied nature, with many witnesses and documents. Much of this evidence, oral and written, bore upon the aforesaid issues. There were some conflicts. Credibility and accuracy had to be appraised; statements, writings, and actions had to be interpreted, all to the end that the true nature and purpose of Interhandel's declaration be justly determined. That was the vital question. It is beside the point that a reviewing court might draw opposite inferences favorable to the contentions of Remington Rand. That alone would not justify reversal of the present findings. United States v. National Ass'n of Real Estate Boards, 1950, 339 U.S. 485, 70 S.Ct. 711, 94 L.Ed. 1007; United States v. Yellow Cab Co., 1949, 338 U.S. 338, 341, 70 S.Ct. 177, 94 L.Ed. 150. Where a trial involves disputed factual issues a choice must always be made between opposing versions of the evidence. In this case the law imposed that high duty and responsibility upon the presiding judge. His preferred opportunity for just appraisement of the witnesses and fair comparison and evaluation of the evidence is recognized in the law's command that "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." Fed.R.Civ.P. 52(a). We cannot say that the findings are clearly erroneous. We are not "left with the definite and firm conviction that a mistake has been committed." United States v. U. S. Gypsum Co., 1948, 333 U.S. 364, 394, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746; Dollar v.

Land, 1950, 87 U.S.App.D.C. 214, 184 F.2d 245, certiorari denied, 340 U.S. 884, 71 S.Ct. 198. On the contrary, in our opinion the findings of the trial judge are abundantly supported by substantial evidence and should not be set aside.

Remington Rand also complains of certain rulings by the trial court in admitting and excluding evidence. These we have considered and find no error—certainly none which appear to be "inconsistent with substantial justice." Fed.R.Civ.P. 61.

Other questions concern restrictive wartime laws, and regulations of Switzerland and the United States as bearing upon validity of the transaction; also sufficiency of the offer by American Aniline & Chemical Co. We deem it unnecessary to pass upon these points in view of our conclusions concerning the underlying and controlling issues.

Judgment of the District Court is Affirmed.