### KENEIPP et al. v. UNITED STATES.
No. 11532.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 19, 1953.

Decided April 2, 1953.

398

Mr. Hugh Keneipp, Washington, D. C., appellant *pro se,* submitted on the brief, for appellants.

Mr. John J. Kelley, Jr., Sp. Asst. to Atty. Gen., Department of Justice, *pro hac vice,* by special leave of Court, with whom Messrs. Charles M. Irelan, U. S. Atty., Washington, D. C., Ellis N. Slack, Sp. Asst. to Atty. Gen., Department of Justice, and Miss Helen Goodner, Sp. Asst. to Atty. Gen., Department of Justice, were on the brief, for appellee. Mr. Morton K. Rothschild, Sp. Asst. to Atty. Gen., Department of Justice, also entered an appearance for appellee.

Before EDGERTON, CLARK and PROCTOR, Circuit Judges.

PER CURIAM.

This appeal involves a suit in the District Court to recover an overpayment of federal income taxes. On a prior appeal, 1950, 87 U.S.App.D.C. 242, 184 F.2d 263, the principal question was whether a gain upon a condemnation award was a capital gain. This depended upon whether the property was "used in trade or business" or was "held for the production of income."[1] We remanded for further proceedings and findings. The District Court took additional evidence and found that part of the property was "used in trade or business," and the "gain" to be ordinary income. A recomputation upon that basis for the year 1941 resulted in findings of a tax of $1307.98 and a total refund of $1931.53, plus statutory interest, for which judgment was entered.

On this appeal error is assigned in the taking of additional evidence. We think such action was permissible. Appellants also attack the findings in some particulars. However, they failed to bring to this court any record of the evidence upon which the findings were based. Therefore, we must assume that there was evidence to support the findings,[2] and in the absence of evidence showing them to be clearly erroneous, we must affirm.[3]

So ordered.

1. U.S.Treas.Regs. 111, § 29.117–1 (1943).

2. Canal Bank v. Hudson, 1884, 111 U.S. 66, 4 S.Ct. 303, 28 L.Ed. 354; Griffith's Dairy v. Squire, 9 Cir., 1943, 138 F.2d 758; Kentucky Natural Gas Corp. v. Indiana Gas & Chemical Corp., 7 Cir., 1942, 129 F.2d 17, 143 A.L.R. 484; Evergreen Cemetery Ass'n v. Burnet, 1930, 59 App. D.C. 397, 45 F.2d 667.

3. Fed.R.Civ.Proc. 52(a), 28 U.S.C. (1946 ed.); United States v. Yellow Cab Co., 1949, 338 U.S. 338, 70 S.Ct. 177, 94 L. Ed. 150; United States v. U. S. Gypsum Co., 1948, 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746; Santucci v. Pignatello, 1951, 88 U.S.App.D.C. 190, 188 F.2d 643; Remington Rand Inc. v. Societe Internationale, 1951, 88 U.S.App.D.C. 275, 188. F.2d 1011.