Siegel P. PETREY, Appellant,

v.

James ABELL, Appellee.

No. 1550.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 11, 1954.

Decided Nov. 2, 1954.

Herman Miller, Washington, D. C., for appellant.

Charles S. Iverson, Washington, D. C., with whom James A. Willey and James A. Crooks, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

A janitor sued an apartment house owner for five months wages. The defense was that there had been no agreement to pay wages and that plaintiff's only compensation was to be the free occupancy of janitor's quarters. The trial court decided in favor of plaintiff and defendant appeals.

He concedes that where a dispute is wholly factual and the decision is based on conflicting evidence it is not subject to reversal. But he assigns as error a statement made by the trial court in announcing its findings "that it found the witnesses for plaintiff to have been consistent and the witnesses for defendant to have been less consistent on this subject." Appellant says that this conclusion was erroneous in view of the fact that plaintiff's own testimony was that he was to be paid "approximately $100 a month;' that this would be payable at the rate of $25.00 per week, some months having an extra week," while his wife testified that he was to receive $100 to $125 a month. These statements were somewhat inconsistent. But it was still open to the trial judge to find that there was an agreement to pay plaintiff at the rate of $100 a month. It is clear that if the case had been tried with a jury the trial court would have had no right to direct a verdict for defendant. The conflicting versions did no more than require a weighing of the accuracy and reliability of plaintiff's evidence, and this of course was a typical function of the trier of the facts. Remington Rand, Inc. v. Societe Internationale, 88 U.S.App.D.C. 275, 188 F.2d 1011; Hiscox v. Jackson, 75 U.S.App.D.C. 293, 127 F.2d 160; Kennedy Realty Co. v. Billings, D.C.Mun.App., 52 A.2d 272. This is also true as to evidence offered by the defendant to the effect that plaintiff had admitted that he was not to receive a salary, and as to other evidence, negative in character, to the effect that there was no mention of salary in conversations between plaintiff and defendant. At best such evidence would only tend to lessen the degree of conviction produced by the positive testimony of plaintiff that a fixed salary had been discussed and agreed upon. Richards v. Burkholder, 29 App.D.C. 485.

What we have said also disposes of appellant's contention that there had been no meeting of the minds as to the amount of salary. Believing plaintiff, as the trial judge had a right to do, a finding logically followed that there had been an employment contract at a stated wage and that defendant had breached that contract by failing to pay.

Affirmed.