David STINNETTE and Addye C. Stinnette, Appellants,

v.

Morris L. HAMBURGER, t/a Morris L. Hamburger and Son, Appellee.

No. 2043.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 26, 1957.

Decided Oct. 30, 1957.

1. Turner v. Henning, 49 App.D.C. 183, 262 F. 637.

Barrington D. Parker, Washington, D. C., George A. Parker, Washington, D. C., on the brief, for appellants.

Harry W. Goldberg, Washington, D. C., Max M. Goldberg and Morris Altman, Washington, D. C., on the brief for appellee.

Before ROVER, Chief Judge, HOOD, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

CAYTON, Acting Judge.

Mr. and Mrs. Stinnette engaged Hamburger, a building contractor, to remodel two houses. The cost was financed by a Federal Housing Administration loan, placed with a local bank. The transaction was completed, and after submission of certain government inspection reports and execution of a note and mortgage by the Stinnettes, there was a title company settlement at which the proceeds of the bank loan were disbursed to Hamburger.

Several months later the Stinnettes brought this action for damages against Hamburger, charging that he had failed to perform certain work required under the contract, that he had improperly performed parts of the job, and that in dealing with the FHA he had made unauthorized changes in the original specifications. Defendant denied all these charges.

After a full hearing the trial court found for defendant, and that finding is the subject of this appeal. From our study of the stenographic transcript it is clear that the case revolved around factual issues, and we find no basis for holding that the decision on such issues was wrong.

One of the plaintiffs' claims, for example, was that defendant failed to install a shower stall, and that he substituted dry-wall partitions for plastered partitions. Defendant testified that these changes were made with the approval not only of the bank and the FHA, but also with the approval of the Stinnettes, and that in lieu of that work he did a considerable amount of extra work, without charge.

Appellants charged that defendant constructed an archway of improper shape and dimensions. He testified that it was impossible to do it in any other way and that the change was agreed to.

Another claim was that though the contract called for an outside stone wall of 49 feet along the front of the two houses, the wall actually erected was only 46 feet. Defendant answered this by saying that the wall covered the full frontage of the lot to the adjoining lot lines; also that he built it higher than was required by the contract.

The contract specified basement stairs with treads of 10 inches. The treads installed were 9⅝16 inches in depth and did not meet District regulations. Defendant admitted this, but produced expert testimony that treads of this width were in the lumber trade regarded as 10-inch treads (the difference resulting from dressing process); also that the lumber company which furnished them was willing to replace them without charge. Defendant testified that he offered to replace the treads but Mrs. Stinnette refused to permit it. She admitted this on the stand, and also that the stairs had never been replaced, and were still in use three years later. It cannot be said that on this item the evidence compelled a finding for plaintiffs.

This is also true as to the other claims in plaintiffs' suit. Such claims were denied by defendant. His testimony was in some, though not all, aspects supported by other witnesses.

■ Counsel for appellants argues in effect that the testimony of his clients was stronger or more believable or better supported than that of defendant. But even if it be assumed that the argument is fair, it is still true that the conflicting versions required a weighing of the accuracy and reliability of the witnesses. Petrey v. Abell, D.C.Mun.App., 108 A.2d 543. We cannot say that the trial judge improperly performed that function.

■ It is not unfair to refer to an argument advanced by appellee. Mr. Stinnette was a party to the contract, was frequently present while the work went on and took part in many conversations regarding the disputed items; also he was at the title company for the final settlement. He was present during at least a part of the trial below, and yet he did not take the stand to support the testimony of his wife; nor was there any proffer of what his testimony would be. If there was an explanation of his failure to offer himself as a witness, we do not find it in the record. This justified inferences adverse to plaintiffs.

It is our clear view that defendant is entitled to an affirmance of the judgment below.

Affirmed.