**A. C. BECKEN CO., an Illinois corporation, Plaintiff,**

v.

**The GEMEX CORPORATION, a New Jersey corporation, Defendant.**

**Civ. A. No. 56 C 1962.**

United States District Court
N. D. Illinois, E. D.
April 12, 1962.

See also 199 F.Supp. 544.

---

Dixon, Morse, Knouff & Holmes and Lorentz B. Knouff and Marshall Patner, Chicago, Ill., for plaintiff.

Haight, Lockwood & Simmons and William J. Marshall, Jr., and Britton A. Davis, Chicago, Ill., for defendant.

MINER, District Judge.

This matter coming on to be heard to determine the amount to be allowed plaintiff as a reasonable attorney's fee pursuant to the Mandate of the Court of Appeals for the Seventh Circuit (opinion reported at 272 F.2d 1), and on the terms of an order entered by that court on February 16, 1962, and this court having heard and examined the admissible evidence offered by plaintiff, the verified petition as amended, and the memorandum in support of plaintiff's petition for the allowance of attorney's fees, and the court having heard the argument offered on behalf of the defendant in rebuttal and having read the defendant's answer to the plaintiff's petition, and the court being fully advised, the court enters its Findings of Fact and Conclusions of Law as follows:

### FINDINGS OF FACT

1. Counsel for the plaintiff undertook the responsibility to advise its client to withdraw from an active market rather than enter into a conspiracy and the plaintiff necessarily sustained damages by loss of profits, and counsel thereafter prosecuted this suit on behalf of plaintiff.

2. Counsel for the plaintiff prepared and presented the issues on behalf of the plaintiff in the Trial Court and in the Appellate Court as follows:

(a) Presentation of the plaintiff's case at the trial level where the case was dismissed on the merits;

(b) appeal to the Court of Appeals for the Seventh Circuit, where the judgment of the District Court was reversed;

(c) presentation of a brief when the defendant petitioned for rehearing or modification of the opinion, and the petition was denied;

(d) presentation of a printed brief when defendant petitioned for a writ of certiorari to the United States Supreme Court, and the petition was denied;

(e) defense on behalf of the plaintiff to the defendant's case when the trial was completed pursuant to the Mandate of the Court of Appeals, and at the close of proofs filing a written brief pursuant to the order of the Trial Court.

3. Counsel for the plaintiff devoted a minimum of 600 hours of partners' time and additional time of associates. Under the evidence presented on the issue of attorney's fees, the fair and reasonable compensation for time spent by partners in this type of litigation, in this district during the time of this suit, is $50.00 per hour.

4. The case was prosecuted successfully and damages in the amount of $24,764.68, trebled, were awarded.

5. The plaintiff did not have the benefit of any prior judgment or decision in any prior action brought against the defendant.

6. The court is aware of the conferences, argument, work and counseling of counsel prior to the trial, and of the various motions, arguments and written pleadings filed subsequent to the entry of the judgment order of this court on September 29, 1961.

7. The amount of $25,000 is, under the evidence presented on the issue of attorney's fees, a fair, reasonable and proper amount to be allowed plaintiff as attorney's fees in this case.

### CONCLUSIONS OF LAW

1. The plaintiff is entitled to taxable costs of suit including a reasonable attorney's fee pursuant to the Mandate of the Court of Appeals for the Seventh Circuit issued November 24, 1959.

2. The plaintiff has supported its verified petition by competent evidence, sup-

ported by legal authority and by qualified expert opinion as to the amount of such a reasonable attorney's fee.

3. The defendant failed to rebut the proof of plaintiff as to the reasonable amount to be allowed plaintiff as attorney's fee.

4. The fair, reasonable and proper amount to be allowed plaintiff as attorney's fees is $25,000.