George W. DuBREUIL and Menas J. Caponas, Appellants,

v.

Robert B. STEVENSON, Appellee.

No. 22952.

United States Court of Appeals Fifth Circuit.

Oct. 21, 1966.

Rehearing Denied Jan. 27, 1967.

Norman F. Solomon, Miami Beach, Fla., for appellants.

Harold L. Ward, Miami, Fla., for appellee; Fowler, White, Gillen, Humkey & Trenam, Miami, Fla., of counsel.

Before WISDOM, BELL and GODBOLD, Circuit Judges.

---

PER CURIAM:

This is an appeal from a judgment permitting recovery with interest on a series of promissory notes executed by the appellants and a third defendant, David, and allowing fees of $7,000 for the plaintiff's attorney. This action was originally brought against the appellants and David. David, however, defaulted, and the plaintiff moved for and was granted a final judgment against him. A trial was subsequently held to determine the appellants' liability on the notes, and this judgment for $22,159.81 and $7,000 in attorney's fees was handed down for the plaintiff.

I.

■ The appellants assert for the first time on this appeal the defense that along with David they were joint obligors on the notes rather than joint and several obligors, and that under Florida law a final judgment against one joint obligor bars subsequent judgments against any of the others. Whatever the merit of this contention, we find that the appellants waived their right to raise it. They not only failed to raise the issue before appeal, they explicitly declared in their pre-trial stipulation and their stipulation for waiver of trial and oral argument that they had no issues of law to litigate.

The facts presently available indicate the possibility that Massachusetts law rather than Florida law might control. Had the appellants not explicitly declared that they had only issues of fact to contest, the plaintiff might have prepared a case for the application of Massachusetts law, including relevant facts such as the places of execution, delivery and performance. Because of the appellants' stipulations, however, the plaintiff concentrated his preparation only on the fac-

tual issues that were raised by the appellants. By stipulating out all issues of law and by failing to raise any until this appeal, the appellants prejudiciously misled the plaintiff and waived their right to raise those issues of law. Fed.R.Civ. Pro. 12(h).[1]

II.

■ We find no reason to reverse the lower court's findings that the two $5,000 debenture bonds given to the plaintiff by the appellant DuBreuil were intended as collateral and not as payment. Despite the facts that the bonds were endorsed in blank and therefore completely negotiable, and that they never were returned to DuBreuil nor demanded by him, the court's findings are amply supported by the facts that DuBreuil remained at all times the record owner of the bonds, and that he continued throughout to pay interest on $20,800 rather than $10,800, indicating that DuBreuil himself did not consider the two $5,000 bonds to have reduced the principal of the debt.

III.

■ While we affirm the judgment of the court below we consider that an award of $7,000 is excessive for an action as relatively uncomplicated as this suit to recover on a set of promissory notes worth roughly $22,000, especially in view of the $2,000 in attorney's fees already granted in the judgment against David. We remand the case to enable the district court to reconsider the amount awarded for attorneys' fees. We suggest that there be some showing made as to what amount would be reasonable attorneys' fees in a case of this kind.

\* \* \*

Affirmed on the major issues but remanded for reconsideration of the award for attorneys' fees.

---

1. The case before the Court is distinguishable from Commissioner of Internal Revenue v. Chase Manhattan Bank, 5 Cir. 1958, 259 F.2d 231, Associated Indemnity Corp. v. Scott, 5 Cir. 1939, 103 F.2d 203, Smith Engineering Co. v. Rice, 5 Cir. 1938, 102 F.2d 492. In each of these cases the issue that was raised for the first time on appeal presented no new questions of fact.