**William Jimmy ROLAND, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 18846.**

United States Court of Appeals
Fifth Circuit.

Oct. 31, 1961.

Motion for Leave to File Extraordinary Motion for Rehearing Denied
Jan. 30, 1962.

John N. Crudup, Gainesville, Ga., for appellant.

Charles D. Read, Jr., U. S. Atty., John W. Stokes, Jr., Asst. U. S. Atty., Allen L. Chancey, Jr., Asst. U. S. Atty., and Charles L. Goodson, U. S. Atty., Atlanta, Ga., for appellee.

Before TUTTLE, Chief Judge, and CAMERON and BROWN, Circuit Judges.

PER CURIAM.

This appeal from a conviction on three counts of a four-count indictment charging violations of the Internal Revenue liquor laws for possession of a nonregistered distillery, possession of 127 gallons of liquor in unstamped containers and working in a non-registered distillery presents a single claim of error. Appellant contends that the trial court erred in not granting a mistrial when a Government witness, a Revenue Agent, volunteered prejudicial information. On cross examination the witness stated that it was appellant's distinctive gait while running away from the distillery scene that enabled the Agent to recognize and identify the appellant. Pressed on the number of times he has seen the appellant run, the Agent replied, "the only other time I ever saw him run was from another violation." The Court immediately admonished the witness that he had been asked *when* he had seen appellant, not *what* he was running from. Simultaneously the Court stated that "that was improper and I will instruct the jury that you [the jury] will not consider it."

We may assume, without deciding, that the witness's statement was inadmissible and harmful. We may likewise pass over the question whether the instruction to the jury instantaneously given by the Judge was adequate. The record shows that immediately thereafter counsel for the appellant engaged in a further prolonged, searching examination on this very transaction. After purposefully eliciting a further statement that the witness had observed the appellant for "several minutes; approximately 2 or 3 minutes," counsel then asked whether the Agent "watched him two or three minutes, or you were running after him?" Repeating again the Agent's statement that "I was running after him," counsel by his own words re-emphasized the implication that this was flight from another violation of the law when the witness was asked this question and gave this answer:

"Q. Now you didn't—did you catch him on that occasion? A. No, sir; one of the other officers did."

This persistent, pressing cross examination, continuing for over 15 pages of the record, was purposely undertaken presumably for some reason thought by counsel to be helpful. If the answers thereafter given were adverse to appellant's interest, it was due neither to nonaction by the Court nor voluntary statements by the witness. If it was an error, it was an error of the appellant, not the Court.

Affirmed.