377 U.S. 152 (1964)
MERCER
v.
THERIOT.
No. 336.
Supreme Court of United States.
Argued April 22, 1964.
Decided May 4, 1964.
CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT.
H. Alva Brumfield argued the cause for petitioner. With him on the brief was Sylvia Roberts.
Stanley E. Loeb argued the cause and filed a brief for respondent.
PER CURIAM.
Petitioner brought a wrongful death action against respondent in the United States District Court for the Eastern District of Louisiana. Jurisdiction was based on diversity of citizenship and amount in controversy. The jury returned a verdict for petitioner in the amount of *153 $25,000, and the trial court denied respondent's motions for a new trial and for judgment notwithstanding the verdict.
On appeal, a panel of the United States Court of Appeals for the Fifth Circuit reversed the judgment. The court held that the evidence was insufficient to sustain the verdict of the jury and remanded the case to the District Court "with directions to enter a judgment for the defendant unless plaintiff . . . makes a satisfactory showing that on another trial evidence of sufficient probative force to justify submission of the cause to the jury will be offered, in which event the judgment shall be for a new trial." 262 F. 2d 754, 761. The court also held that there were prejudicial errors in the conduct of the trial which would have required a new trial even if there had been sufficient evidence. 262 F. 2d, at 758-759. At that stage in the litigation, this Court denied a petition for a writ of certiorari. 359 U. S. 983.
Petitioner then submitted to the District Court additional evidence in support of a motion for a new trial. The district judge, regarding himself bound by the ruling of the Court of Appeals that the evidence adduced at trial was insufficient, denied the motion on the ground that the additional "evidence, while persuasive, would be inadmissible in a new trial under the hearsay rule." The Court of Appeals sitting en banc, over the dissent of four judges, affirmed the denial of a new trial. 316 F. 2d 635. Petitioner then sought, and we granted, a writ of certiorari. 375 U. S. 920.
We now "consider all of the substantial federal questions determined in the earlier stages of the litigation . . . ," Reece v. Georgia, 350 U. S. 85, 87, for it is settled that we may consider questions raised on the first appeal, as well as "those that were before the Court of Appeals upon the second appeal." Hamilton-Brown *154 Shoe Co. v. Wolf Bros. & Co., 240 U. S. 251, 257. Cf. Urie v. Thompson, 337 U. S. 163, 171-173; Messenger v. Anderson, 225 U. S. 436, 444.
We consider first the alleged errors in the conduct of the trial. The Court of Appeals deemed the trial court's instruction regarding circumstantial evidence to be "highly prejudicial error" because it included a statement that "[t]he testimony of all of the witnesses for the plaintiff has made out what we call in law a circumstantial case . . . ." 262 F. 2d, at 758. But as soon as this was called to the court's attention, the following instruction was given:
"What I meant to say was that the witnesses for the Plaintiff . . . have sought to make out . . . through their evidence a circumstantial case. The question as to whether or not the case of the Plaintiff has been proved is for the Jury to determine."
There was no objection to this re-instruction. We conclude that it properly stated the law and that it would have remedied any erroneous impression the jury may have received from the first instruction. The Court of Appeals also held that the trial judge committed a "grievous" error by permitting the introduction of certain hearsay evidence. Id., at 757. Counsel for the respondent did not object to this evidence but in fact elicited the same evidence in his examination of the witness. On this record, the admission of the evidence cannot be deemed a deprivation of "substantial justice." Rule 61, Fed. Rules Civ. Proc. Finally, the Court of Appeals held that the inflammatory nature of the opening statement of petitioner's counsel required a new trial. Counsel told the jury that he would establish that respondent "was a hit-and-run driver," with "a complete disregard for . . . life." Id., at 758. In the context of this case, however, *155 those remarks do not seem significantly outside the bounds of permissible advocacy. If respondent knowingly struck the deceased, then he was a hit-and-run driver with little regard for human life, for it was undisputed that the driver of the automobile that hit the decedent did not stop to render aid or to report the accident.
Our examination of the trial record reveals not only that there were no errors affecting substantial justice, but also that the trial judge conducted the trial with scrupulous regard for the litigants' rights.
We must consider next the sufficiency of the evidence adduced at trial. Our examination of the record indicates that the jury could reasonably have found the following facts: Decedent's body was discovered on an island on the right side of a black top road; the body was two or three feet off the edge of the road; near the body tire marks ran off the road for some distance; death resulted from a violent blow; the time of death was fixed at about 7:30 p.m.; the road was the only highway leading from the island to the respondent's home; the respondent had spent that afternoon at a bar on the island and had consumed between 8 and 10 drinks of whiskey; he left the bar at about 7:30 p. m. and drove toward his home on the road on which decedent was killed; at the time of decedent's death, few people were traveling that highway; on the day following the accident respondent's automobile was without a right headlight rim and bore marks of a recent blow to the right headlight and to the right front of the hood; some blue coloring which "had an appearance that it could have been done by clothing . . ." was on the hood; the decedent was wearing blue coveralls when he was struck; a towel with red stains which appeared to be blood was found concealed between the driver's seat and seat cover; particles which looked like hair were found underneath *156 the right side of the car; and the automobile was covered with a white substance which appeared to be a film of soap left after a washing.
We believe that the Court of Appeals erred in concluding that this evidence was insufficient to support the jury verdict. The evidence was sufficient under any standard which might be appropriatestate or federal. See Dick v. New York Life Ins. Co., 359 U. S. 437, 444-445. The jury's verdict, therefore, should not have been disturbed. Accordingly, the case is reversed and remanded to the District Court with instructions to enter judgment in accordance with the jury's verdict.[*]
It is so ordered.
MR. JUSTICE HARLAN, dissenting.
Certiorari was granted in this case because it appeared that the question was presented whether a state or federal standard determines the sufficiency of the evidence to support a jury verdict in cases in the district courts where jurisdiction is based on diversity of citizenship. That question was left undecided in Dick v. New York Life Ins. Co., 359 U. S. 437, 444-445. The Court having now concluded that the question is not before it, I believe that the writ of certiorari should be dismissed as improvidently granted. Nothing remains in the case, as the Court decides it, except the question whether the evidence was sufficient to support the verdict and questions concerning rulings of the trial judge. As to none of these questions can the Court do more than second-guess, one step further removed from the actual events, the District Court and the Court of Appeals. Accordingly, the case, as it revealed itself at argument, was not appropriate for review by this Court. See my opinion in Ferguson v. *157 Moore-McCormack Lines, Inc., 352 U. S. 521, 559, and the dissenting opinion of Mr. Justice Frankfurter in the same case, id., at 524. The views there expressed apply with particular force in a diversity case, where the cause of action is founded on state rather than federal law. See the opinion of Mr. Justice Frankfurter, dissenting in Gibson v. Phillips Petroleum Co., 352 U. S. 874.
On the merits, I think it is not appropriately part of the business of this Court to substitute its judgment for that of the Court of Appeals, either on the issue of sufficiency of the evidence or on the gravity of the trial errors which led the Court of Appeals to conclude that the respondent had been "deprived . . . of his day in court" and had been convicted "on rumor and hearsay, not of negligent fault but of bribery and corruption." 262 F. 2d 754, 759.
NOTES
[*] Our disposition of the case makes it unnecessary for us to consider the correctness of the trial court's disposition of the motion for a new trial.