**Robert Lee TARIN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 22044.**

United States Court of Appeals
Fifth Circuit.

Nov. 5, 1965.

Rehearings Denied Dec. 7, 1965.

Thomas A. Rice, Atlanta, Ga., for appellant.

Gary B. Blasingame, Asst. U. S. Atty., Tyrus R. Atkinson, Jr., Asst. U. S. Atty., and Floyd M. Buford, U. S. Atty, Macon, Ga., for appellee.

Before TUTTLE, Chief Judge, and BELL and COLEMAN, Circuit Judges.

PER CURIAM.

Appellant was convicted of transporting a falsely made security in interstate commerce in violation of 18 U.S.C., Sec-

tion 2314, and was sentenced to four years in the custody of the Attorney General. He here contends that the evidence was insufficient to support the verdict, that there were errors in the admission of evidence, that he was not allowed to file a certain affidavit in lieu of testimony, and that it was error for the trial judge to inform the jury that he had been found competent to stand trial after the defense attorney had so stated in his opening statement.

None but the latter assignment is of sufficient merit to justify formal discussion.

Among other things, 18 U.S.C.A. section 4244 provides that a finding by the judge that the accused is mentally competent to stand trial shall not be introduced in evidence on the issue of insanity as a defense to the crime charged *nor otherwise be brought to the notice of the jury* (italics supplied).

In his opening statement to jury, before any witness testified, Counsel for the defendant said, "Now, it is true that a determination has been made by psychiatrists that Mr. Tarin does now have or is now competent to furnish his attorney with a defense and therefore should be tried".

In his charge to the jury the trial judge said, "I have already had it determined for my own satisfaction before I began the trial of this case that the defendant is at this time mentally capable to stand trial; otherwise, we would not be here trying the defendant. I have satisfied myself about that, but the mere fact that I have determined for my own satisfaction in the trial of this case that he is now mentally competent does not automatically mean that he was mentally competent on October 30, 1963, because temporary insanity, as well as insanity of longer duration is recognized by the law."

 We note that the Defendant entered no objection to this charge. Rule 30 F.R.Crim.P. requires such to have been made. Where none is made it is waived. Smith v. United States, 265 F. 2d 14 (5 Cir., 1959).

 In any event, the error was harmless. The judge simply reiterated facts which the Defendant voluntarily injected into the case. Moreover, the jury was amply admonished that such a finding did not mean that the Defendant was sane on the date of the alleged offense.

See Lyles v. United States, 103 U.S. App.D.C. 22, 254 F.2d 725, certiorari denied 356 U.S. 961, 78 S.Ct. 997, 2 L.Ed. 2d 1067, certiorari denied 362 U.S. 943, 80 S.Ct. 809, 4 L.Ed.2d 771, certiorari denied 368 U.S. 992, 82 S.Ct. 610, 7 L.Ed. 2d 529; Mercer v. Theriot, 377 U.S. 152, 84 S.Ct. 1157, 12 L.Ed.2d 206 (1964); Roland v. United States, 295 F.2d 471 (5 Cir. 1961); Glenn v. United States, 303 F.2d 536 (5 Cir. 1962); and Traxler v. United States, 293 F.2d 327 (5 Cir. 1961).

Affirmed.