**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Alben Wm. Barkley TRUITT, Defendant-Appellant.**

**No. 28422.**

United States Court of Appeals, Fifth Circuit.

March 8, 1971.

Rehearing Denied and Rehearing En Banc Denied April 20, 1971.

Samuel S. Forman, Miami, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., J. V. Eskenazi, William C. White, Asst. U. S. Attys., Miami, Fla., for plaintiff-appellee.

Before THORNBERRY, GOLDBERG, and AINSWORTH, Circuit Judges.

PER CURIAM:

The defendant, Alben William Barkley Truitt, was charged with violations of 18 U.S.C.A. § 1201, kidnapping, and 49 U.S.C.A. § 1472(i), aircraft piracy, after he allegedly forced the pilot of a chartered aircraft to fly him to Cuba. The government learned that Truitt's defense to these charges would be insanity and that he had hired a psychiatrist to conduct a mental examination for purposes of proving this defense. The government as a result requested that the court appoint a psychiatrist pursuant to 18 U.S.C.A. § 4244. The court granted the government's motion and appointed the defendant's own psychiatrist. Subsequently, the court granted a motion by the government that an additional psychiatrist be appointed. The court then ordered the defendant to submit to an examination for purposes of determining his present ability to stand trial and his sanity at the time the offense was committed. The defendant and the government were also ordered to submit all reports concerning the defendant's previous mental examinations to the court for the purpose of making this material available to the second psychiatrist. As a result of his examination the second psychiatrist concluded, and testified by way of deposition at trial, that Truitt was sane at the time of the commission of the offense and was competent to stand trial.

The defendant has raised grave questions concerning the constitutional validity of the procedures followed by the trial court. See Note, Requiring A Criminal Defendant To Submit To A Government Psychiatric Examination: An Invasion of the Privilege Against Self-Incrimination, 83 Harv.L.Rev. 648 (1970). While most of these issues remain unresolved in this Circuit we need not now consider them for the questions have not been properly raised. It is clear from the record that all psychiatric testimony, including the deposition objected to, was introduced by the defendant as a joint exhibit with the prosecution. It is settled law that one waives his right to object to the admission of evidence if he later introduces evidence of the same or similar import himself, Mercer v. Theriot, 1964, 377 U.S. 152, 84 S.Ct. 1157, 12 L.Ed.2d 206; 1 J. H. Wigmore, Evidence § 18 (1940); 88 C. J.S. Trial § 116 (1955). A fortiori one may not be heard to complain about the admission of evidence where, as here, he introduced that very evidence himself. Grogan v. United States, 5 Cir. 1967, 394 F.2d 287, cert. denied, 393 U.S. 830, 89 S.Ct. 97, 21 L.Ed.2d 100.

Affirmed.

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

Before THORNBERRY, GOLDBERG, and AINSWORTH, Circuit Judges.

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel, nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.