PER CURIAM.
The appellant was informed against, tried by a jury, and convicted of the unlawful sale of heroin and the unlawful possession of heroin. The trial court sentenced him to eighteen months in the state penitentiary on each count; the sentences were to run concurrently. On this appeal, three points are urged for reversal. First, the appellant asserts that the physical evidence, i. e., the heroin sold, was improperly admitted into evidence because a proper chain of custody was not established. Second, the appellant contends that the trial court erred in adjudicating him guilty of both sale and possession when the charges arose out of a single transaction. Third, the appellant argues that the trial court erred in denying defense counsel’s motion for a mistrial upon the basis of a claimed prejudicial comment made by the prosecutor during voir dire of the jury.
Upon consideration of each of the points presented, we hold as follows. First, no error was demonstrated as to the admission of the packets of heroin into evidence under authority of the rule set forth in Bernard v. State, Fla.App.1973, 275 So.2d 34. Second, it appears that there was no error in the adjudication that the appellant was guilty under both counts of the information; however, only one sentence can be imposed and the sentence should be for the highest offense charged. See Mendez v. State, Fla.App. 1973, 280 So.2d 525. Therefore, we will amend the sentence by striking therefrom the sentence upon count two which was for the possession of heroin. Third, we conclude that the error urged by appellant relating to the comment of the prosecuting attorney does not present reversible error under the facts revealed by this record. Appellant urges that the comment was such that an inference of guilt might arise if the defendant did not take the stand. Although no curative instruction was requested by the defendant, both defense counsel and the court told the jury that there was no inference against, the defendant if he chose not to testify. In fact the defendant did testify. We hold that there was no prejudicial error. Cf. United States v. Truitt, 440 F.2d 1070 (5th Cir. 1971).
The sentence upon the second count is reversed and the judgment on both counts is affirmed. The sentence on the first count is affirmed.
Affirmed in part and reversed in part.