DREW (Ret.), Associate Judge.
Jerry and Junior Thornton were each convicted of possession and delivery of dangerous drugs. Separate appeals were taken and are now consolidated for our consideration.
The state, in its brief and at oral argument, concedes the possession charge is but another facet of the sale (delivery) charge and that sentence should be imposed for the highest offense only. Accordingly, the judgment and sentence for possession in both cases are hereby vacated.
We have duly considered the evidence in these consolidated appeals and conclude that the verdict and sentence against Jerry Thornton are amply supported by the evidence. The points raised and argued in his behalf for reversal are, severally and separately, without merit. As to him the judgment and sentence is affirmed.
As to the evidence against Junior H. Thornton, however, we agree with his contention here that the trial court should have granted his motion for a directed verdict of acquittal. The total evidence, considered in a light most favorable to the state, is legally insufficient to support the verdict and sentence. His total participation in the events (which we find sufficient to support the conviction of his brother) consisted of leaving his house where he was watching television, going to the car parked outside in which the other participants to the sale of marijuana were seated, speaking to them from outside, seeing a bag which he assumed contained marijuana, taking- a “puff” of a “reefer” passed to him on the outside and then returning to his home. The state proved knowledge of the commission of a crime and his presence for a very brief period at the place where such crime was committed. There is no showing that he had any conscious intent to commit a crime or that any action taken by him was intended to encourage, cause, assist or induce the others there to commit the crime. The law requires such proof to support a conviction, McClain v. United States, 224 F.2d 522 (C.C.A. 5th Cir., 1955).
*207 The state does not effectively answer appellant’s argument on the legal insufficiency of the evidence to support the verdict and judgment. Tt says, in its reply to this point on appeal, that: 1) the jury is the sole judge of the evidence where the facts are in dispute; 2) it is the province of the jury to determine the credibility of the witnesses; and 3) that the appellate court will not substitute its judgment for that of the jury on questions of fact. These are elemental principles recognized universally. These concepts, however, are inapposite here because of the court’s responsibility to determine, in every case, if there is any evidence to support a conviction; and if there is, whether it meets the law’s requirement for conviction. While this court is acutely conscious of the powers and duties of the jury and the trial court, it is nevertheless our duty to see to it that the law is served in every case. The law requires that the judgment and sentence of Junior H. Thornton be, and it is hereby vacated and this cause reversed.
SPECTOR, Acting C. J., and JOHNSON, J., concur.