Alfonzo L. DOWELL and Vivian T. Dowell, Plaintiffs-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Defendant-Appellee.

No. 81–1237.

United States Court of Appeals, Tenth Circuit.

June 20, 1984.

Stephen Jones of Jones, McNaughton & Blakley, Enid, Okl., for plaintiffs-appellants.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Gary R. Allen, and John A. Dudeck, Jr., Tax Div., Dept. of Justice, Washington, D.C., for defendant-appellee.

OPINION ON REMAND

Before BARRETT, McKAY and LOGAN, Circuit Judges.

BARRETT, Circuit Judge.

This case is before us on remand from the Supreme Court of the United States which vacated our prior judgment without prejudice to the plaintiff-appellants, Alfonzo and Vivian Dowell, to raise the issue of our appellate jurisdiction over the judgment of the United States Tax Court. The Dowells have appeared before this court in appeals related to the same disputed taxes on three prior occasions. *See Dowell v. Commissioner*, No. 81–1237 (10th Cir. Jan. 19, 1983) (*Dowell III*); *Dowell v. Commissioner*, 614 F.2d 1263 (10th Cir.1980) (*Dowell II*); *United States v. Dowell*, 446 F.2d 145 (10th Cir.1971), *cert. denied*, 404 U.S. 984, 92 S.Ct. 448, 30 L.Ed.2d 368 (1971) (*Dowell I*). Hence, all relevant facts are stipulated.

## I.

### Background

During the years 1963 through 1966, the Dowells filed fraudulent original income tax returns. In 1968, after the Commissioner of Internal Revenue (Commissioner) began an investigation of those returns, the Dowells filed nonfraudulent amended returns. Attached to each of the amended returns were remittances in the stated amounts and statements expressing that these payments were made under protest. In 1970, the Dowells were convicted by a jury of knowingly and willfully attempting to evade or defeat federal income taxes by filing the above-mentioned false and fraudulent original returns in violation of I.R.C. § 7201. We affirmed the conviction in *Dowell I, supra.*

In 1974, the Commissioner mailed to the Dowells a notice of deficiency which informed them that additional taxes had been assessed against them under I.R.C. § 6653(b) for the years in question. The Dowells filed a petition with the Tax Court contesting the determination of deficiency, asserting that the Commissioner was barred by the three-year statute of limitations provided in I.R.C. § 6501(a) from assessing the taxes for 1963 through 1966. In the stipulation of facts, the Dowells conceded that their criminal convictions estopped them from denying that they had filed false and fraudulent original income tax returns for 1963 through 1966. The Tax Court ruled that the fraudulent returns did not commence the running of the § 6501(a) limitations period; hence, the assessments were timely pursuant to I.R.C. § 6501(c)(1), which allows the government to assess tax "at any time" when a "false or fraudulent return" is filed "with the intent to evade tax." *Dowell v. Commissioner*, 68 T.C. 646 (1977). This court reversed and remanded the case to the Tax Court, holding that the nonfraudulent amended returns were sufficiently honest and informational to trigger the three-year limitations period under § 6501(a). Thus, the deficiency notice, mailed over six years after the filing of the amended returns, was untimely. *Dowell II, supra* at 1265.

On remand, the Dowells filed a motion with the Tax Court requesting it to enter a decision that no deficiency existed for 1965, and that they were entitled to refunds for overpayments in the amount of $8,310.32, representing the total of the 1968 remittances for the years 1963, 1964 and 1966. The Tax Court found that under I.R.C. §§ 6512(b)(1) and (2), it had no jurisdiction to determine the existence of any overpayments claimed by the Dowells, and simply granted both parties' motions with respect to finding no deficiencies for 1963 through 1966. *Dowell v. Commissioner*, 41 T.C.M. (CCH) para. 37,408(M) (1980).

Between thirty to ninety days after the Tax Court denied their motion for reconsideration of its decision on remand, the Dowells filed a notice of appeal to this court. On appeal, the Commissioner argued that we had no jurisdiction to review the Tax Court's decision because the notice of appeal was not filed by the Dowells within the thirty-day period specified in I.R.C. § 7481(a)(3)(B)(iii). However, in adopting the position then urged by the Dowells, this court held that it had jurisdiction under I.R.C. §§ 7481(a)(4) and 7483, which together allow a taxpayer ninety days within which to file an appeal before the decision of the Tax Court becomes final. *Dowell III, supra* slip op. at 6–8. We went on to affirm the decision of the Tax Court that it had no jurisdiction to determine the validity of the Dowells' request for refunds of the alleged overpayments.[1] *Id.* at 16.

The Commissioner subsequently filed a petition for a writ of certiorari with the Supreme Court on the § 6501 issue in *Dowell II.* In the petition, the Commissioner argued that it is well established the Su-

---

**1.** We based our holding on I.R.C. § 6511(a), which provides either a three-year or a two-year limitations period for a taxpayer to file any legitimate claim for refund of overpayments. Because the Dowells failed to *file* their claim within the three-year period, we held that they were barred from seeking refund of the 1968 payments as overpayments. *Dowell v. Commissioner*, No. 81–1237, slip op. at 16 (10th Cir. 1983) (*Dowell III*).

preme Court was not limited to reviewing only the issues directly before this court in *Dowell III;* the Court could "reach back" and consider an issue which was decided by this court in *Dowell II* even though the Commissioner had not expressly preserved the issue in *Dowell III.* In their brief in opposition to certiorari in the Supreme Court, the Dowells contended that (1) contrary to their prior position and this court's holding in *Dowell III,* the Tax Court's decision on remand had become final and nonreviewable under § 7481(a)(3)(B)(iii) (thirty days) before they filed their notice of appeal from that decision, and (2) in any event, the Commissioner was precluded from seeking review of any issue considered in *Dowell II* since he failed to file the petition for certiorari within ninety days of that decision. On January 23, 1984, the Supreme Court issued the following opinion:

> The petition for writ of certiorari is granted. The judgment is vacated and the case is remanded to the United States Court of Appeals for the Tenth Circuit without prejudice to the respondents [Dowells] to raise the issue of the jurisdiction of the Court of Appeals to review the judgment of the Tax Court. Justice Stevens would deny certiorari.

*Commissioner v. Dowell,* — U.S. —, 104 S.Ct. 989, 79 L.Ed.2d 224 (1984).

· After reviewing the above-quoted opinion, the petition for writ of certiorari, and the supplemental briefs submitted by the parties,[2] we conclude that the Supreme Court has remanded the case to this court to reconsider our decision in *Dowell II* in light of the Court's recent decision in *Badaracco v. Commissioner,* — U.S. —, 104 S.Ct. 756, 78 L.Ed.2d 549 (1984). The Court ordered further that we allow the Dowells the opportunity to raise the issue

decided by us in *Dowell III* regarding this court's jurisdiction to review the judgment of the Tax Court.

## II.

### *Finality of the Tax Court Decision*

■ At the outset, we consider whether the statute-of-limitations issue raised and decided in *Dowell II* was properly before the Supreme Court on the Commissioner's petition for certiorari. Where a petition for certiorari is timely filed by a party for review of a subsequent judgment of a lower court, the Supreme Court has jurisdiction to consider all substantial federal questions determined at earlier stages of the litigation. *See, e.g., Mercer v. Theriot,* 377 U.S. 152, 153, 84 S.Ct. 1157, 1158, 12 L.Ed.2d 206 (1964); *Reece v. Georgia,* 350 U.S. 85, 87, 76 S.Ct. 167, 169, 100 L.Ed. 77 (1955); Stern and Gressman, *Supreme Court Practice* § 2.2, at 53 (5th ed. 1978). This rule, of course, is subject to the parties' compliance with the lower courts' procedural rules governing the timely filing of a notice of appeal. *See* Stern and Gressman, *supra.* Hence, if upon reconsideration we find that we erred in our holding in *Dowell III* concerning our jurisdiction to review the Tax Court's decision on remand, then the Tax Court's decision became final before the notice of appeal was filed and the Commissioner's petition for certiorari would most likely have been untimely.

■ Upon reconsideration, however, we hold that this court did not err in concluding that we had jurisdiction under §§ 7481(a)(4) and 7483 to review the decision on remand by the Tax Court. We are convinced that "the case on remand involved something akin to a rehearing,"[3]

---

**2.** On March 5, 1984, we ordered the parties to file supplemental briefs regarding the language in the Supreme Court's vacation of judgment which mandated that the Dowells could again raise "the issue of the jurisdiction of the Court of Appeals to review the judgment of the United States Tax Court." Order, *Alfonzo L. Dowell v. Comm'r,* No. 81–1237 (10th Cir. Mar. 5, 1984).

**3.** We agreed with the Dowells that the case involved a "hybrid situation" because the Tax Court's decision on remand concerned a legal issue (overpayment) not decided by, or even presented to, this court in *Dowell II,* and because additional briefs were submitted by both parties. *Dowell III, supra* slip op. at 6–7. Thus, we held that although the Tax Court was required to do no more than merely recompute

and, thus, the decision of the Tax Court on "rehearing" would have become final upon the completion of the ninety-day period for a taxpayer to file a notice of appeal. *See* I.R.C. §§ 7481(a)(4) and 7483; *Dowell III, supra* at 6–7. Because the Dowells filed their notice of appeal within the ninety-day period, we reaffirm our holding in *Dowell III* that we had jurisdiction to review the Tax Court's decision on remand. *See Dowell III, supra* at 7–8. Hence, the decision by the Tax Court was not yet final when we rendered our opinion in *Dowell III,* and because the Commissioner timely petitioned for a writ of certiorari which was granted by the Supreme Court (including the remand to this court), the Tax Court decisions regarding the Dowells are not yet "final."

The Supreme Court's opinion on certiorari instructed that the Dowells could reargue before this court the above-discussed jurisdictional issue. The Dowells have done so in the form of a motion to dismiss the appeal on the "overpayment" claim for lack of jurisdiction. We are convinced that the Supreme Court issued this particular mandate merely because the Dowells reversed their position on the issue in their response to the Commissioner's petition for certiorari. Further, the Supreme Court was aware that the resolution of this jurisdictional question would ultimately determine whether we could reconsider our holding in *Dowell II* and possibly modify the Tax Court's decision on remand. Thus, the Dowells should have the opportunity to reargue such a question before the court whose jurisdiction is in issue. We therefore reject the Dowells' contention in their motion that the Supreme Court was "obviously concerned" about the jurisdictional issue—the Court's mandate in no way indicates its view that we erred in the holding we made on that question. As indicated above, we reject the latest argument by the

Dowells that we lacked jurisdiction in *Dowell III* to review the Tax Court's decision on remand and thus reaffirm our holding on that appeal. Hence, the § 6501(a) issue determined by this court in *Dowell II* was properly before the Supreme Court on the Commissioner's petition for certiorari.

### III.

#### *Reconsideration of Dowell II*

As in *Dowell II,* we are now presented with the question whether the filing of the nonfraudulent amended returns by the Dowells subsequent to their filing of the fraudulent original returns satisfied the requirements of § 6501(a) to commence the running of the three-year period of limitation within which the government must assess tax.[4] After a review of the pertinent statutory and case law, this court concluded in *Dowell II* that "once the taxpayer has evinced an honest and genuine effort to satisfy the law by filing such a return, the § 6501(a) period begins to run." 614 F.2d at 1265. In reaching that conclusion, we rejected the Commissioner's contention that the appropriate limitations period was expressed in § 6501(c)(1), which entitles the government to assess tax "at any time" when a taxpayer files a "false or fraudulent return with the intent to evade tax." We held that § 6501(c)(1) is not a "statute of limitations"; indeed, we viewed it as the "antithesis of a limitations concept." 614 F.2d at 1265–66. Thus, we concluded that once a taxpayer files a subsequent nonfraudulent return, the ability of the government to assess tax "at any time" is removed and the matter proceeds under § 6501(a) as in any tax case. *Id.* at 1266.

On January 17, 1984, subsequent to our decision in *Dowell II* and prior to the grant of certiorari which is the subject of this remand, the Supreme Court rendered an opinion in *Badaracco v. Comm'r, supra,*

---

taxes, the actions on remand amounted to the equivalent of a rehearing triggering the application of §§ 7481(a)(4) and 7483. *Id.* at 7–8.

**4.** I.R.C. § 6501(a) provides in pertinent part: "[T]he amount of any tax imposed by this title

shall be assessed within 3 years after the return was filed ... and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period."

which effectively reversed our holding in *Dowell II.* In *Badaracco,* the Court, by construing the statute strictly in the government's favor, held that when a taxpayer files a false or fraudulent return, the plain language of § 6501(c)(1) permits the Commissioner to assess "at any time" the tax for the year of the improper filing *regardless* of the taxpayer's later repentance. 104 S.Ct. at 761–63. The Court stated: "[T]he fraud was committed, and the offense completed, when the original return was prepared and filed." *Id.* at 762. Further, the Court upheld its construction of the "unambiguous" language in § 6501(c)(1) as supported by substantial tax policy considerations: (1) the greater difficulty encountered by the government when investigating tax fraud cases versus routine tax audits; and (2) the nature of a tax fraud investigation is not changed fundamentally when a taxpayer files an "amended return." *Id.* at 764. Finally, we note that in rendering its decision in *Badaracco,* the Supreme Court expressly rejected the reasoning and analysis we adhered to in *Dowell II. Id.* at 762–63.

On reconsideration of our holding in *Dowell II,* therefore, we find that we were in error in light of the holding by the Supreme Court in *Badaracco,* which is dispositive of the facts before us in *Dowell II.* Hence, the nonfraudulent amended returns filed by the Dowells in 1968 did not trigger the three-year limitations period provided in § 6501(a); § 6501(c)(1) permits the Commissioner to assess "at any time" additional taxes due against the Dowells for the years 1963 through 1966.

The court does hereby deny the Dowells' motion to dismiss for lack of jurisdiction. The court does hereby further recall the mandate, withdraw the opinion in *Dowell v. Commissioner,* 614 F.2d 1263 (10th Cir. 1980), vacate the judgment, render this Opinion on Remand in lieu thereof, and remand to the Tax Court for further proceedings consistent with this opinion.