**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Thomas C. ALLEN,**
**Defendant-Appellant.**

Nos. 85–8149, 85–8150.

Non-Argument Calendar

United States Court of Appeals,
Eleventh Circuit.

Oct. 8, 1985.

B.W. Crecelius, Jr., Decatur, Ga., for defendant-appellant.

---

6.  $$\$131{,}075 \times 1.5\% \times \frac{7 \text{ days}}{30 \text{ days/month}} = \$458.76.$$

Robert S. Stubbs, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before FAY, JOHNSON and CLARK, Circuit Judges.

PER CURIAM:

Appellant, Thomas C. Allen, was indicted along with Craig Anthony Vidler and Ronald C. Martens for four counts of violating federal firearms regulations. Generally, the charges alleged a conspiracy among the three named defendants to purchase firearms with worthless checks and, then without a license, to export some of the firearms out of the country without informing a common carrier of the nature of the shipment. Subsequently, appellant alone, was indicted for attempting to obstruct justice by trying to influence defendant Vidler to change his testimony, in violation of 18 U.S.C. § 1503.

Prior to trial, the government reached a plea agreement with Vidler and Martens. They pled guilty to two of the four counts of firearms violations and agreed not to fight deportation. The government agreed to dismiss counts 3 and 4 and recommend no more than a twelve month sentence on count 1 and a five year suspended sentence with five years probation on count 2. Vidler and Martens also agreed to testify against Allen.

Appellant was found guilty on all counts. He was sentenced to two years confinement on counts 1, 3 and 4, charging firearms violations and of the one count of attempting to obstruct justice. All sentences were to run concurrently. Appellant was also placed on five years probation consecutive to the other sentences. He filed a timely notice of appeal.

Appellant raises three issues on appeal: (1) whether the evidence was sufficient to establish his guilt; (2) whether the trial court erred in refusing to grant appellant's motion for a mistrial when a government witness stated that Allen had escaped from custody on other charges; (3) whether the trial court erred in limiting the cross-exami-

nation of a government witness; and (4) whether the trial court erred in failing to grant appellant's motion for a mistrial when a government agent testified concerning Allen's arrest on other charges.

As to the question of sufficiency, we have reviewed the record and determined that the evidence was sufficient to support his conviction on all counts. A reasonable jury could certainly conclude that the evidence established guilty beyond a reasonable doubt. *See United States v. Bell*, 678 F.2d 547, 549 (5th Cir. Unit B 1982) (en banc), *aff'd on other grounds* 462 U.S. 356, 103 S.Ct. 2398, 76 L.Ed.2d 638 (1983).

As to appellant's second contention, we find no error. Vidler, a government witness, did refer to Allen's escape from custody. However, the trial court properly denied the motion for a mistrial. We have reviewed defense counsel's cross-examination of Vidler and agree with the district court that counsel's own questioning brought about the comment objected to. Defense counsel cannot complain of an alleged error invited or introduced by himself. *See United States v. Garrett*, 727 F.2d 1003, 1012 (11th Cir.1984), *cert. granted on other grounds* — U.S. —, 105 S.Ct. 78, 83 L.Ed.2d 27 (1984); *see also Roland v. United States*, 295 F.2d 471, 472 (5th Cir.1961) (witness gave adverse answer to counsel's questions during intense and persistent cross-examination court held error was invited by appellant).

Appellant also complains of a statement made by custom's agent Borden during cross-examination regarding appellant's arrest on other charges. Upon questioning by the court, agent Borden did refer to the fact that appellant was under arrest when he talked to him. In asking the question, however, the court was attempting to determine whether defendant was under arrest for federal firearms charges when he was questioned by the agent. We do not believe that even if this colloquy constituted error that it was sufficiently prejudicial to the appellant to warrant reversal.

Finally, appellant maintains that he should receive a new trial because the court improperly limited his attempt to impeach one of the government's witnesses, Tim Jones. Counsel for appellant wanted to cross-examine Mr. Jones regarding his relationship with his ward, Ms. Annette Attaway. Attaway had been placed in Mr. Jones' custody when he was employed by the GBI. He subsequently became involved in an intimate relationship with her and due to this relationship was dismissed from the GBI. They subsequently married.

▮ The trial court determined that this "misconduct," which had never resulted in criminal charges of any kind, did not relate to the witnesses capacity for truthfulness. Alternatively, the court found that any probative value was significantly outweighed by the prejudice. The extent of cross-examination with respect to an appropriate subject of inquiry is within the trial court's discretion. *United States v. Darwin*, 757 F.2d 1193, 1202 (11th Cir. 1985). Fed.R.Evid. 611(a)(3) allows the court to exercise reasonable control over the examination of witnesses to protect them from harassment or undue embarrassment. *See also United States v. Coyler*, 571 F.2d 941 (5th Cir.), *cert. denied*, 439 U.S. 933, 99 S.Ct. 325, 58 L.Ed.2d 328 (1978) (court refused to allow defense counsel to ask witness if he was homosexual). We do not find any abuse of discretion in the trial court's action. The trial court, outside the presence of the jury, allowed defendant to try to develop some link between Jones' credibility and his relationship with Ms. Attaway. Defendant could not establish such a relationship. Thus, the trial court did not abuse its discretion in refusing to allow the contested cross-examination.

Therefore, the conviction of the appellant is

AFFIRMED.