NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


OMAR RUSHAWN BUGGS, a/k/a OMARO )
RUSHAWN BUGGS, )
                         )
         Appellant, )
                         )
v. )        Case No. 2D17-4040
                         )
STATE OF FLORIDA, )
                         )
         Appellee. )
_____ )

Opinion filed April 3, 2019.

Appeal from the Circuit Court for
Hillsborough County; Laura E. Ward,
Judge.

Howard L. Dimmig, II, Public Defender,
and Megan Olson, Assistant Public
Defender, Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and C. Suzanne Bechard,
Assistant Attorney General, Tampa, for
Appellee.


BLACK, Judge.

         Omar Buggs challenges the order revoking his probation and the resulting

sentences. We affirm the revocation order without comment, but because Buggs's

sentence for possession of cocaine is illegal, we reverse and remand for resentencing on that count.

In 2015 Buggs pleaded guilty to delivery of cocaine within 1000 feet of a public housing facility, a first-degree felony punishable by up to thirty years in prison, see §§ 775.082(3)(b)(1), 893.13(1)(f)(1), Florida Statutes (2014), and to possession of cocaine, a third-degree felony punishable by up to five years in prison, see §§ 775.082(3)(e), 893.13(6)(a). Buggs was sentenced to concurrent terms of two years' community control followed by three years' probation. In June 2017, the State filed a second amended affidavit alleging that Buggs had violated several conditions of his probation. At the conclusion of the evidentiary hearing, the court found that Buggs willfully and substantially violated his probation and revoked his probation. A Criminal Punishment Code (CPC) scoresheet was prepared for sentencing.[1] Buggs's total sentence points were 79.4, and the lowest permissible sentence was 38.55 months in prison. Buggs was sentenced to fifty-eight months in prison followed by one year of probation on both counts. Buggs then filed this appeal.

Buggs argues, and the State agrees, that the court erred in sentencing him to fifty-eight months in prison followed by one year of probation for possession of cocaine as this sentence exceeds the statutory maximum for the offense and was not required under the CPC. During the pendency of this appeal, Buggs filed a motion to

---

[1]Delivery of cocaine was the primary offense, and possession of cocaine was scored as an additional offense.

correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).

The trial court denied the motion with respect to this issue,[2] ruling as follows:

> It has long been held that where an information contains more than one count but each is a facet or phase of the same transaction, only one sentence may be imposed, and the sentence which should be imposed is for [the] highest offense charged.  See Williams v. State, 69 So. 2d 766 (Fla. 1953); see also Thornton v. State, 306 So. 2d 205, 206 (Fla. 1st DCA 1975) (holding that possession of dangerous drugs charge was but another facet of delivery charge and thus sentence could be imposed only on delivery charge as the highest offense); Wilson v. State, 293 So. 2d 81, 82 (Fla. 3d [DCA] 1974) (holding there was no error in adjudication that defendant was guilty under both counts of information which charged the sale and possession of heroin, but only one sentence could be imposed and sentence should be for the highest offense charged).  Because [Buggs] was sentenced to fifty-eight (58) months' prison followed by one (1) year probation, his sentence does not exceed the statutory maximum as allowed by law and conforms to Florida's established law regarding sentencing where multiple counts in a single information are facets of the same transaction.

However, section 775.021(4), which was amended in 1988 by adding subsection (4)(b), see ch. 88-131, § 7, Laws of Fla., requires separate convictions and sentences for offenses which were committed during the course of the same transaction:

> (4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively.  For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.

---

[2]Buggs raised an additional issue in his rule 3.800(b)(2) motion, and the court granted the motion with respect to that issue.

(b) <u>The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction</u> and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent.  Exceptions to this rule of construction are:

1. Offenses which require identical elements of proof.

2. Offenses which are degrees of the same offense as provided by statute.

3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.

§ 775.021(4)(a), (b) (emphasis added).

In <u>State v. McCloud</u>, 577 So. 2d 939, 940 (Fla. 1991), the supreme court held that the amended statute did not prohibit separate convictions and sentences for the sale of a controlled substance and possession of that same controlled substance. Thereafter, in <u>Davis v. State</u>, 581 So. 2d 893, 894 (Fla. 1991), the supreme court held that the same analysis set forth in <u>McCloud</u> applied to Davis's convictions and sentences for the delivery and possession of a controlled substance.

The cases relied upon by the trial court predate the 1988 amendment to section 775.021(4) and have no bearing on this case.[3]  Pursuant to section 775.021(4) and <u>McCloud</u> and its progeny, Buggs was properly sentenced separately for the

---

[3]And even had the trial court been correct in concluding that "only one sentence may be imposed" in this case, the appropriate course of action under the line of cases cited by the trial court would have been to vacate the conviction and sentence for possession of cocaine and only sentence Buggs for delivery of cocaine as the highest offense charged.  See <u>Williams v. State</u>, 69 So. 2d 766, 767 (Fla. 1953); <u>Thornton v. State</u>, 306 So. 2d 205, 206 (Fla. 1st DCA 1975), <u>reversed in part on other grounds</u>, 327 So. 2d 227 (Fla. 1976); <u>Wilson v. State</u>, 293 So. 2d 81, 82 (Fla. 3d DCA 1974); see also <u>Caivano v. State</u>, 276 So. 2d 245, 245 (Fla. 2d DCA 1973) (holding that though Caivano was convicted of both possession of cocaine and sale of cocaine, he should have only received one sentence for the highest offense charged since the offenses were facets of the same transaction).

possession of cocaine conviction.  Moreover, because Buggs's sentence for possession of cocaine—which includes a prison term and probation—exceeds the statutory maximum for a third-degree felony, it is illegal.  <u>See</u> § 775.082(3)(e); <u>Kelly v. State</u>, 816 So. 2d 1221, 1222 (Fla. 2d DCA 2002).  We therefore reverse Buggs's sentence for possession of cocaine and remand for resentencing.

Affirmed in part, reversed in part, and remanded for resentencing.

KELLY and SLEET, JJ., Concur.