[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11917

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LILLIAN AKWUBA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:17-cr-00511-WKW-SRW-1

_____

Before WILSON, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Defendant-Appellant Lillian Akwuba appeals her convictions for distribution of and conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846, respectively. She challenges both the jury instructions and the sufficiency of the evidence. First, she argues that the jury was improperly instructed as to the applicable good faith standard for a conviction under 21 U.S.C. § 841. She also argues that the jury instructions were erroneous because they did not adequately convey to the jury that the knowing and intentional *mens rea* applied not only to the *actus reus* of the same statute, but also to its authorization clause. Second, she argues that the government did not provide sufficient evidence of her *mens rea* to support her convictions under 21 U.S.C. §§ 841 and 846. After a thorough review of the record, we affirm Akwuba's convictions and sentences.

## I.    Background

In a fourth superseding indictment, the grand jury charged Akwuba with conspiring to distribute controlled substances, in violation of 21 U.S.C. § 846 (count 1); unlawfully distributing controlled substances at Gilberto Sanchez's Family Practice, in violation of 21 U.S.C. § 841(a)(1) (counts 2–11); conspiring to commit health care fraud, in violation of 18 U.S.C. § 1349 (count 13); health care fraud relating to office visits, in violation of 18 U.S.C. § 1347 (counts 14–20); health care fraud relating to prescriptions, in

violation of 18 U.S.C. § 1347 (counts 21–27); conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956 (count 39); money laundering, in violation of 18 U.S.C. § 1957 (counts 40–42); and unlawfully distributing controlled substances at Akwuba's own Mercy Family Health Care, in violation of 21 U.S.C. § 841(a)(1) (counts 44–53). Akwuba pled not guilty and proceeded to trial. The government dismissed counts 8, 14, 19–21, 26, 27, 49 and 52 before trial, and counts 16, 18, 23, and 25 during trial.

Both the government and Akwuba were consulted by the district court in deciding the proper jury instructions. In pertinent part, the jury instructions related to subjective good faith, prescribing regulations in 21 C.F.R. § 1306.04, and unlawfully distributing a controlled substance read as follows:

> The good faith of a defendant, whether or not objectively reasonable, is a complete defense to the crimes charged. That is because good faith on the part of a defendant is inconsistent with specific intent, which is an essential part of the charge. . . . In the practice of medicine, good faith means the honest exercise of good professional judgment as to a patient's medical needs. Good faith connotes an honest effort to treat patients in compliance with generally recognized and accepted standards of medical practice. . . .
>
> . . . [I]f the government proves beyond a reasonable doubt that a prescription was knowingly written and issued, one, not for a legitimate medical purpose, or, two, outside the usual course of professional practice,

then the exception to the Controlled Substances Act does not apply. . . .

You must find the prescriptions described above were not issued for legitimate medical purposes or were not issued in the usual course of professional medical practice. . . . [T]he government must prove that the defendant acted knowingly and intentionally.

Prior to reading the jury charge, the district judge asked both parties whether they had any objections to the instructions. Akwuba's counsel responded briefly: "No, ma'am." The district judge proceeded to read the jury charge and then take a brief recess. Again, post-delivering the lion's share of the charge, the district judge inquired if the defense had any objections. Akwuba's counsel objected on a ground unrelated to this appeal, which was denied. The district judge inquired for a last time whether there was anything further from defense, to which Akwuba's counsel responded, "No, Your Honor."

Ultimately, the jury acquitted Akwuba on the money laundering conspiracy and money laundering counts (counts 39–42) and found her guilty of all remaining counts. She was sentenced to 120 months on each count, to run concurrently, followed by three years of supervised release on each count, to run concurrently.

Akwuba appealed, and we affirmed all convictions but one (count 24) and remanded the case for resentencing in light of the vacated conviction. *United States v. Akwuba*, 7 F.4th 1299, 1319 (11th

Cir. 2021). Akwuba was resentenced to 120 months' imprisonment. She again appeals her convictions and sentences.

## II.    Analysis

Akwuba claims (1) the evidence presented at trial was insufficient to serve as a basis for her conviction; (2) plain error, not invited error, should serve as the standard of review for her jury instructions claim, and (3) the district court plainly erred by instructing the jury on subjective good faith instead of the knowing and intentional mens rea, as recently decided by the Supreme Court in *Ruan v. United States*.[1] We will address each claim in turn.

### A.  Sufficiency of the Evidence

Under 21 U.S.C. § 841(a)(1), it is a federal crime, "[e]xcept as authorized[,] . . . for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." In turn, 21 U.S.C. § 846 further makes it a federal crime to attempt or conspire to do the same. A federal regulation authorizes registered doctors to dispense Schedule II, III, and IV controlled substances with a prescription, but only if the prescription is "issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice." 21 C.F.R. § 1306.04(a).

When reviewing the sufficiency of the evidence in a case, our court applies de novo review, but "view[s] the evidence in the

---

[1] 142 S. Ct. 2370 (2022).

light most favorable to the government and draw[s] all reasonable inferences and credibility choices in favor of the jury's verdict." *United States v. Taylor*, 480 F.3d 1025, 1026 (11th Cir. 2007). However, we decline to revisit an issue previously decided on a prior appeal under the law of the case doctrine. *United States v. Jordan*, 429 F.3d 1032, 1035 (11th Cir. 2005). We have acknowledged three exceptions to this mandate: "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to *that issue*, or (3) the prior [appellate] decision was clearly erroneous and would work manifest injustice." *United States v. Amedeo*, 487 F.3d 823, 830 (11th Cir. 2007) (emphasis added) (quoting *United States v. Stinson*, 97 F.3d 466, 469 (11th Cir. 1996)).

Akwuba argues that the prosecution's evidence regarding her § 841 charges and her § 846 charge was insufficient, an argument she offered on her first appeal. She acknowledges our precedent regarding law of the case doctrine, yet firmly asserts she falls under the second exception. Akwuba directs us to the Supreme Court's decision in *Ruan*, urging us, without further elaboration, that *Ruan* constitutes a contrary decision of law. Akwuba's analysis misses the mark.

The Supreme Court's decision in *Ruan* applied to jury instructions, not sufficiency of the evidence claims. *Ruan* held that the "knowingly or intentionally" *mens rea* required for convictions under § 841(a) applied to the statute's "except as authorized" clause, not just to the statute's *actus reus*. 142 S. Ct. at 2376–77. In

other words, to obtain a conviction under § 841, the government must prove beyond a reasonable doubt that the defendant (1) knowingly or intentionally dispensed a controlled substance, and (2) knowingly or intentionally was not authorized to do so. *Id.* at 2376–78. The Court further held that an "objectively reasonable good-faith effort" *mens rea* jury instruction fell short; the jury must be instructed on subjective, not objective, intent of the defendant to support a conviction under § 841. *Id.* at 2381.

We decline to review Akwuba's second sufficiency of the evidence challenge because we previously addressed this challenge, and Akwuba has not shown that she meets an exception for a second review under the law of the case doctrine. The Supreme Court's holding in *Ruan* concerned the appropriate *mens rea* jury instruction for § 841, yet left untouched the standard for which sufficiency of the evidence claims are evaluated. Thus, *Ruan*'s jury instruction holding does not constitute a contrary decision of law on *this issue*—sufficiency of the evidence. Accordingly, *Ruan* does not provide Akwuba an avenue to additional review under the second exception, or any other exception, to the law of the case doctrine.

## B. *Invited Error Versus Plain Error*

Under the doctrine of invited error, we will not address, even for plain error, the merits of an error that the appellant invited or induced the district court to make. *United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006) (per curiam). This doctrine is undergirded by the principle that a defendant "should not benefit from introducing error at trial" in hopes of securing a reversal on appeal.

*United States v. Stone*, 139 F.3d 822, 838 (11th Cir. 1998) (per curiam); *see United States v. Allen*, 772 F.2d 1555, 1556 (11th Cir. 1985). Where a party agrees with a court's proposed jury instructions or requests specific jury instructions, invited error applies. *United States v. Frank*, 599 F.3d 1221, 1240 (11th Cir. 2010). But we interpret "invited errors narrowly[;]" there is a marked difference between "invited and merely-unobjected-to errors." *United States v. Burnette*, 65 F.4th 591, 600–01 (11th Cir. 2023).

Akwuba argues that she did not expressly agree or state she was satisfied with the district court's jury instructions, thereby not inviting error. The government blanketly asserts that Akwuba agreed with the instructions. Upon a thorough review of the record, we are inclined to side with Akwuba.

Akwuba's conduct constitutes the exact behavior our court has carved out of the invited error doctrine. She did not offer any jury instructions that she now challenges on appeal. Further, she never expressed unconditional agreement with the district court's instructions. When asked if she had objections or anything else to add, her responses were simply: "No, ma'am" and "No, Your Honor." Akwuba's responses are brief and informative to the district court—a far cry from an expression of agreement with the proceedings. Her conduct squarely fits within the "merely-unobjected-to" errors category. *See Burnette*, 65 F.4th at 601. In sum, we find that she did not affirmatively induce the district court to err, and we apply plain error review to her jury instructions claim.

### C. Jury Instructions

We review arguments raised for the first time on appeal for plain error. *United States v. Henderson*, 409 F.3d 1293, 1307 (11th Cir. 2005). To show plain error, a defendant must establish that (1) there was an error; (2) that was plain or obvious; and (3) affected his or her substantial rights in that it caused harm. *Id.* An error affects substantial rights if it "affected the outcome of the district court proceedings." *United States v. Cotton*, 535 U.S. 625, 632 (2012). However, an error will be considered harmless "if the reviewing court is satisfied beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *United States v. Heaton*, 59 F.4th 1226, 1242 (11th Cir. 2023) (quoting *United States v. Seabrooks*, 839 F.3d 1326, 1332–33 (11th Cir. 2016)).

An error is plain if "the legal rule is clearly established at the time the case is reviewed on direct appeal." *United States v. Hesser*, 800 F.3d 1310, 1325 (11th Cir. 2015) (per curiam). If the explicit language of a statute or rule does not resolve an issue, plain error lies only where our or the Supreme Court's precedent directly resolves it. *United States v. Moore*, 22 F.4th 1258, 1266 (11th Cir. 2022). When assessing plain error claims, we review the claim in light of the law applicable at the time of the present appeal, not the law in place at the time of the alleged error. *See Henderson v. United States*, 568 U.S. 266, 279 (2013).

Akwuba claims that the district court plainly erred by failing to instruct the jury on the proper *mens rea* for the crimes charged. She therefore asserts that her substantial rights were violated, and

a new trial is warranted. While we agree with Akwuba that the district court plainly erred, we cannot find that this error violated her substantial rights.

The Supreme Court in *Ruan* clarified that the subjective, not objective, intent of the defendant was what mattered to support a conviction under § 841. 142 S. Ct. at 2381–82. *Ruan* specifically rejected applying a "reasonable person" standard to determine *mens rea*, as that effectively lowers the mental state required for the crime to negligence. *Id.* at 2381. Essentially, once the defendant produces evidence of authorization to dispense controlled substances, the government must prove beyond a reasonable doubt the defendant "knowingly or intentionally" dispensed controlled substances in an unauthorized manner. *Id.* at 2375. Conveniently, the Court listed and rejected the *mens rea* jury instruction the district court utilized below: "a doctor acts lawfully when he prescribes 'in good faith as part of his medical treatment of a patient in accordance with the standard of medical practice generally recognized and accepted in the United States.'" *Id.*

The jury instructions given in Akwuba's case blend jury instructions pre- and post-*Ruan*, thereby rendering them deficient on the whole. The instructions contain sprinklings of "knowingly and intentionally" throughout, appearing on first blush to comply with *Ruan*. However, specific intent was not the lone mental state offered to the jury; objective good faith was included as well. Akwuba's good faith instruction is a close analog to the offending instruction in *Ruan*: "Good faith connotes an honest effort to treat

patients in compliance with generally recognized and accepted standards of medical practice." Marrying pre- and post-*Ruan* jury instructions cannot be correct; we must adhere to the Supreme Court's direction by permitting only specific intent as the *mens rea* in § 841 convictions. Thus, instructing the jury on both specific intent and objective good faith was plain error.

But this does not mean Akwuba obtains relief under plain error review. While she has shown the district court plainly erred, her attempt to prove her substantial rights were affected is deficient. There was more than enough evidence for the jury to find that Akwuba acted with the necessary *mens rea* in light of *Ruan*. At trial, the following evidence was introduced: Akwuba instructed staff to fabricate content in patient records to justify prescriptions; she forged doctors' names on prescriptions, with one doctor testifying approximately 22 prescriptions purporting to bear his name were forgeries; and Akwuba even admitted that prescriptions she issued while she lacked a collaborative agreement with a physician were unlawful. We are "satisfied beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *Heaton*, 59 F.4th at 1242. Therefore, although there was plain error, that error did not affect Akwuba's substantial rights.

### III.    Conclusion

For the reasons above, we affirm Akwuba's convictions and sentences.

**AFFIRMED.**